Information Management v. Gemini        CV-95-318-M    12/11/96

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Information Management
Technologies Corp.,
     Plaintiff,

v.                                                    Civil No. 95-318-M

Gemini Microsystems International,
Inc.; William H. Peters, V; Shawn
E. Harris; and Janice M. Hudson,
     Defendants.


**O R D E R**


A hearing was held on pro se plaintiff's Motion for Contempt of Court (document no. 27) on December 11, 1996.  Pro se plaintiff did not appear at the scheduled hearing; Attorney Jeffrey N. Danis appeared on behalf of the respondent.  Although pro se plaintiff has not communicated with the court in connection with this case, the deputy clerk brought to the court's attention that plaintiff wrote a letter in connection with several other cases he has pending (received December 10, 1996) advising the court that he is currently incarcerated in Rockingham County House of Correction relative to a state matter, which probably explains his absence.

Attorney Danis filed an affidavit of William H. Peters which tends to establish that the settlement agreement and stipulated injunction previously entered to resolve the underlying civil case have both been strictly complied with by the defendants, that the defendant corporation is no longer competing in the same

industry as the putative plaintiff corporation, and that there is no basis for any contempt proceeding under the injunction previously entered.

In addition, Attorney Danis points out that while the defendant corporation still possesses allegedly infringing technology and other goods belonging to the putative plaintiff corporation, that is so only because pro se plaintiff Rogers has failed to make any effort to pick up or arrange for the delivery of said goods and materials. Mr. Danis advises that the defendant will happily deliver those materials to Mr. Rogers whenever Mr. Rogers arranges to pick them up, or gives reasonable directions as to where those materials should be delivered.

Finally, it appears that as a result of the underlying settlement pro se plaintiff Rogers is the sole shareholder of Information Management Technologies Corp., and so effectively controls the company. Accordingly, it would appear inappropriate for him to bring this action on behalf of Information Management Technologies Corp. as a derivative shareholder action, when it could be brought directly by the corporation as controlled by Mr. Rogers (i.e. the corporation is not in a position to refuse to bring any claim Rogers wants it to bring). It is also not clear that Mr. Rogers may bring an action on behalf of a corporation in a derivative shareholder capacity, without first obtaining counsel. See Local Rule 83.6(c). It is certainly clear that the corporation cannot appear in this court, except through counsel. Id.

2

Accordingly, neither pro se plaintiff's conclusory motion nor the record establishes any basis for holding the defendants in contempt based upon any demonstrated violation of the injunction previously entered. Moreover, Local Rule 83.6(c) would seem to preclude plaintiff from bringing an action in this court on behalf of the corporation except through counsel. Finally, it would appear from the record that any failure to strictly comply with the settlement agreement or injunction previously entered relative to the delivery of so-called "infringing" products is entirely due to the pro se plaintiff's own failure to make arrangements to pick up or have said materials delivered.

Therefore, pro se plaintiff's Motion for Contempt of Court (document no. 27) is denied, and this matter is closed. Pro se plaintiff, before filing any similar pleadings, is directed to consult with Attorney Danis with regard to any claimed breaches of the underlying settlement agreement and/or injunction, and with respect to delivery of whatever goods or materials Information Management Technologies Corp. is entitled to obtain from the defendants. Failure to do so will likely result in the court's considering any future pleadings in this matter filed by the pro se plaintiff to be without a reasonable basis, and filed without adequate inquiry into or effort to learn about facts relevant to the claim advanced.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 11, 1996

cc:   Charles Rogers, pro se
      Jeffrey N. Danis, Esq.